UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY GAINES, | ) Case No. CV 14-1509-TJH (JPR) |
| Plaintiff, | ) |
| vs. | ) ORDER DISMISSING PLAINTIFF'S |
| | ) FIRST AMENDED COMPLAINT WITH |
| COUNTY OF LOS ANGELES et al. | ) LEAVE TO AMEND |
| Defendants. | ) |

On February 27, 2014, Plaintiff, a prisoner at the California Rehabilitation Center in Norco, lodged pro se a civil-rights action and was subsequently granted in forma pauperis status. On April 11, 2014, Plaintiff filed a First Amended Complaint ("FAC") against the County of Los Angeles; Sheriff's Deputies Christopher J. McMaster, Steven Lehrman, and Roger Izzo; Deputy District Attorney Joseph D. Payne; and Does one through 10. (FAC at ¶¶ 4-8.) Plaintiff's claims arise out of his state criminal proceeding and the events underlying it, which were also the subject of a federal habeas petition that was granted by this Court in part.

1    In May 2006, Plaintiff was charged in an amended information
2 in state superior court with one count of sale, transportation,
3 or offer to sell cocaine base under California Health & Safety
4 Code section 11352(a) and one count of possession of a smoking
5 device under section 11364(a). Gaines v. Stolc, No.
6 2:11-cv-02181-TJH-JPR, at 3 (C.D. Cal. Nov. 14, 2011) (report and
7 recommendation). Although Plaintiff had never been charged with
8 possession of cocaine base under Health & Safety Code section
9 11350, the trial court nonetheless sua sponte instructed the jury
10 on that charge and provided the jury with a verdict form for it.
11 Id. On May 15, 2006, the jury acquitted Plaintiff of the sales
12 charge but convicted him of possessing a smoking device and the
13 uncharged possession-of-cocaine-base offense. (Id.) In June
14 2006, Plaintiff was sentenced to 11 years' imprisonment. (Id.)
15    Plaintiff appealed to the California Court of Appeal,
16 raising a due process claim based on the trial court's
17 instructing the jury on the simple-possession charge and allowing
18 it to convict him of that crime. Id. The court of appeal agreed
19 that the trial court erred but found that Plaintiff had forfeited
20 his claim by failing to object to the instruction or the verdict
21 form at trial. Id. Plaintiff later raised the due process claim
22 in a Petition for Review and habeas petition to the California
23 Supreme Court, which denied it both times. Id. at 3-4.
24    Plaintiff then filed a federal habeas petition in this
25 Court. The Court found that Plaintiff's right to due process was
26 violated when he was convicted of a crime with which he was never
27 charged and that Respondent had waived any procedural-bar
28 defense. Id. at 11; see also Gaines, No. 2:11-cv-02181-TJH-JPR,

at 4 (C.D. Cal. Feb. 16, 2012) (order and judgment).  It therefore entered judgment conditionally granting the petition and ordering that Plaintiff be discharged from "all consequences of his conviction pursuant to California Health & Safety Code § 11350 in Los Angeles Superior Case No. MA032254" unless he was brought to retrial within a certain period of time.  Gaines, No. 2:11-cv-02181-TJH-JPR, at 6-7 (C.D. Cal. Feb. 16, 2012) (order and judgment).  The Court did not disturb Plaintiff's conviction for possession of a smoking device under section 11364(a).[1]  The state apparently declined to retry Plaintiff.  (FAC ¶ 10.)

In the instant civil-rights action, Plaintiff alleges that Defendants violated his rights under the U.S. Constitution and state law in various ways by arresting him on June 11, 2005, and subsequently prosecuting him.  Specifically, Plaintiff alleges that Defendants L.A. County, McMaster, Lehrman, Izzo, and Does violated the Fourth and 14th amendments by falsely arresting and imprisoning him (FAC ¶¶ 16-26), using excessive force against him (FAC ¶¶ 27-30), maliciously prosecuting him (FAC ¶¶ 31-35), and conspiring to violate his constitutional rights (FAC ¶¶ 36-38); Defendants L.A. County, Payne, and Does violated the Fourth and 14th amendments by maliciously prosecuting him (FAC ¶¶ 39-41); Defendants County, McMaster, Lehrman, Izzo, Payne, and Does violated state law by falsely imprisoning him (FAC ¶¶ 42-43); Defendants County, McMaster, Lehrman, and Does violated state law by committing assault and battery on him (FAC ¶¶ 44-47);

---

[1] Plaintiff incorrectly argues that the Court "ordered Plaintiff to be released if the State did not retry him." (FAC ¶ 10.)

Defendants County, Payne, and Does violated state law by failing to arraign him on the possession charge (FAC ¶¶ 48-52); and Defendants County, McMaster, Lehrman, Izzo, Payne, and Does violated state law by negligently inflicting emotional distress on him (FAC ¶ 53).

After screening the FAC in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A prior to ordering service, the Court finds that much of it fails to state a claim upon which relief might be granted.

Because it appears to the Court that at least some of the deficiencies of the FAC are capable of being cured by amendment, it is dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless absolutely clear deficiencies cannot be cured by amendment). If Plaintiff desires to pursue this action, he is ORDERED to file a Second Amended Complaint ("SAC") within 28 days of the service date of this Order, remedying the deficiencies discussed below.[2]

**STANDARD OF REVIEW**

The Court's screening of a complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d

---

[2] It appears that at least some of Plaintiff's claims may be barred by the applicable statute of limitations, but that is an affirmative defense to be raised by Defendants.

4

1035, 1041 (9th Cir. 2010) (internal quotation marks omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008). In considering whether a complaint states a claim, a court must accept as true all the factual allegations in it. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed claim when plaintiff's "conclusory allegations" did not support it). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.  Plaintiff's § 1983 Claims for Unlawful Arrest and Imprisonment, Malicious Prosecution, and Conspiracy Must Be Dismissed**

Plaintiff alleges that Defendants Los Angeles County, McMaster, Lehrman, Izzo, and Does violated his rights under the Fourth and 14th amendments by falsely arresting and imprisoning him, maliciously prosecuting him, and conspiring to violate his civil rights. (FAC ¶¶ 16-26, 31-43.) In support, Plaintiff contends that he did "absolutely nothing" to give Defendants "reason to believe a crime was committed" and that they therefore "had no reason to detain or search Plaintiff" or to "report that Plaintiff had committed a crime." (FAC ¶ 18.) Plaintiff also notes that he was acquitted of the charge of selling cocaine base and his conviction of simple possession was overturned on federal habeas review. (FAC ¶¶ 9-10). Plaintiff's claims must be dismissed because they are barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and for other reasons.

In Heck v. Humphrey, the U.S. Supreme Court held that if a judgment in favor of a plaintiff in a civil rights action would necessarily imply the invalidity of his or her conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. 512 U.S. at 486-87; see also Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (en banc) ("Heck says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful

behavior for which section 1983 damages are sought, the 1983 action must be dismissed." (internal quotation marks omitted)). Thus, the "relevant question" in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." Id. (quoting Heck, 512 U.S. at 487).

    To prevail on claims for false arrest and imprisonment, Plaintiff would have to demonstrate that Defendants had no probable cause to arrest him. See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998). Similarly, to prevail on his malicious-prosecution claim, Plaintiff would have to demonstrate that Defendants prosecuted him with malice and without probable cause. See Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) ("In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another specific constitutional right." (internal quotation marks and alterations omitted)). But such findings would imply that Plaintiff's conviction for possession of a smoking device, which apparently arose out of the same events as the other criminal allegations, is invalid. (See FAC ¶ 33 (alleging that Defendants McMaster, Lehrman, and Izzo falsely stated that Plaintiff had "handed [Izzo] a pipe and cocaine base"); see also Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) ("Wrongful arrest, malicious prosecution, and a conspiracy among Los Angeles officials to bring false charges against [plaintiff] could not have occurred unless he were innocent of

the crimes for which he was convicted."); Awabdy, 368 F.3d at 1068 ("An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence."); see also Devenpeck v. Alford, 543 U.S. 146, 153-54, 125 S. Ct. 588, 594, 160 L. Ed. 2d 537 (2004) (when probable cause to arrest for any crime exists, arrest does not violate the Fourth Amendment whether or not that crime was actually charged); Page v. Stanley, No. CV 11-2255 CAS (SS), 2012 WL 1535691, at *8 (C.D. Cal. Mar. 23, 2012) ("[W]hen a conviction on one charge is accompanied by a contemporaneous acquittal on another charge in the same proceeding, a malicious prosecution claim based on the acquittal may proceed _if the charges aim to punish different conduct_." (quotation marks and alteration omitted and emphasis added)), accepted by 2012 WL 1535687 (C.D. Cal. May 1, 2012).[3]  Here,

---

[3] In Jackson v. Barnes, the plaintiff was convicted at his first trial on evidence obtained in violation of his Miranda rights, and after the conviction was reversed on federal habeas corpus review, he was again convicted, this time without the use of the illegally obtained evidence. __ F.3d __, 2014 WL 1324448, at *1 (9th Cir. Apr. 15, 2014). The plaintiff then sued for the violation of his Miranda rights at his first trial. Id. The Ninth Circuit held that the plaintiff's claim was not Heck barred because his conviction in the second trial was "insulated from the inculpatory statements that [were] the subject of [his] § 1983 suit"; as such, a judgment in his favor would have no bearing on his conviction. Id. at *3. Here, however, Plaintiff bases his § 1983 suit on the alleged unlawfulness of his arrest, imprisonment, and prosecution, not the due process violation that resulted in the reversal of his possession charge on federal habeas corpus review. And as discussed above, a favorable finding on those claims would call into question his conviction for possession of a smoking device, which resulted from the very same arrest and prosecution as the overturned possession charge. As such, Jackson does not apply here.

Plaintiff acknowledges that the two charges against him arose from the same conduct, "hand[ing Izzo] a pipe and cocaine base." (FAC ¶ 33.)

To the extent Plaintiff claims that Defendants conspired to commit the unlawful acts, moreover, that claim is also barred by Heck. See Cooper v. Ramos, 704 F.3d 772, 784-85 (9th Cir. 2012) (finding plaintiff's claim alleging "broad conspiracy to obtain [his] conviction and keep him incarcerated" was "an effort to attack the integrity of the investigation and trial" and therefore barred by Heck). And Plaintiff's conspiracy claim also fails because he has not alleged sufficient facts to support a finding that any Defendants agreed to violate his civil rights. See Crowe v. Cnty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) ("To establish liability for a conspiracy in a § 1983 case, a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." (internal quotation marks omitted)); Olsen v. Idaho St. Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) ("To state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (internal quotation marks omitted)). Moreover, to the extent Plaintiff alleges that Defendants conspired against him in violation of § 1985 (see FAC at 8), his claim fails for the additional reason that he has not alleged any facts showing that Defendants were motivated by racial or class-based discriminatory animus. See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68, 113 S. Ct. 753, 758, 122 L. Ed. 2d 34 (1993) (to state claim under § 1985(3), plaintiff must allege

"(1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment" (citations and internal quotation marks omitted)).

Accordingly, Plaintiff's §§ 1983 and 1985 claims for wrongful arrest and imprisonment, malicious prosecution, and conspiracy to violate his constitutional rights are dismissed. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (dismissal under Heck is "required to be without prejudice so that [plaintiff] may reassert his claims if he ever succeeds in invalidating his conviction").

## II. Defendant Payne is Entitled to Absolute Immunity

Plaintiff asserts that Deputy District Attorney Payne maliciously prosecuted him in violation of the Fourth and 14th amendments. (FAC ¶¶ 39-41.) In support, Plaintiff contends that Payne furthered a "scheme to illegally commit Plaintiff" for the uncharged crime of possession in various ways. (See FAC ¶¶ 11-14.) Plaintiff's claims against Payne must be dismissed because he is entitled to prosecutorial immunity.

Section 1983 claims for monetary damages against prosecutors are barred by absolute prosecutorial immunity, provided the claimed violations are based on their activities as legal advocates in criminal proceedings.[4] Van de Kamp v. Goldstein, 555 U.S. 335, 342-43, 129 S. Ct. 855, 861, 172 L. Ed. 2d 706 (2009); Imbler v. Pachtman, 424 U.S. 409, 430–31, 96 S. Ct. 984,

---

[4]Plaintiff does not request any relief other than money damages. (FAC at 11-12.)

994-95, 47 L. Ed. 2d 128 (1976).  Plaintiff asserts that Payne violated his rights in several ways during the course of his criminal trial – including by failing to arraign Plaintiff on the possession charge or later move to dismiss it, submitting to the court a probation report containing allegedly false information, and making a sentencing recommendation (FAC ¶¶ 11-14, 40) – but all of that conduct is squarely protected by prosecutorial immunity.[5]  See, e.g., Imbler, 424 U.S. at 430 (prosecutorial immunity applies with "full force" to activities "intimately associated with the judicial phase of the criminal process"); Broam v. Bogan, 320 F.3d 1023, 1029 (9th Cir. 2003) ("If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights."); Genzler v. Longanbach, 410 F.3d 630, 637 (9th Cir. 2005) (noting that prosecutor "enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution, used perjured testimony at trial, or suppressed material evidence at trial," among other things).

Because Payne is entitled to immunity, the § 1983 claim against him must be dismissed.

**III. Plaintiff Has Failed to State a Claim Against L.A. County**

Plaintiff's claims against L.A. County must also be dismissed because he has failed to allege that his injuries resulted from any county policy or practice.

---

[5] Plaintiff acknowledges that Payne objected to the possession charge but the trial court nevertheless "ordered the jury to consider [it]."  (FAC ¶ 11.)

11

Municipalities and other local government units are considered "persons" under § 1983 and therefore may be liable for causing a constitutional deprivation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006). Because no respondeat superior liability exists under § 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. Monell, 436 U.S. at 694; City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203, 103 L. Ed. 2d 412 (1989). A plaintiff must show "that a [county] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted). In addition, he must show that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Id. at 918; Thompson v. Los Angeles, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are [sic] insufficient to establish custom."), overruled on other grounds by Bull v. City & Cnty. of S.F., 595 F.3d 964, 981 (9th Cir. 2010) (en banc).

1      A plaintiff may also establish municipal liability by
2 demonstrating that the alleged constitutional violation was
3 caused by a failure to train municipal employees adequately.  See
4 Harris, 489 U.S. at 388.  A plaintiff alleging a failure-to-train
5 claim must show the following: (1) he was deprived of a
6 constitutional right; (2) the municipality had a training policy
7 that "amounts to deliberate indifference to the constitutional
8 rights of the persons with whom [its police officers] are likely
9 to come into contact"; and (3) his constitutional injury would
10 not have happened had the municipality properly trained those
11 officers.  Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th
12 Cir. 2007) (internal quotation marks omitted, alteration in
13 original).
14      Here, Plaintiff has failed allege any facts regarding the
15 existence of a formal County regulation or policy that caused his
16 alleged injuries, see Gillette, 979 F.2d at 1346; Trevino, 99
17 F.3d at 918, nor has he alleged that the County maintained a
18 "longstanding practice or custom which constitutes the standard
19 operating procedure of the local government entity," Gillette,
20 979 F.2d at 1346-47 (internal quotation marks omitted); see also
21 Monell, 436 U.S. at 691 (noting that custom must be so
22 "persistent and widespread" that it constitutes a "permanent and
23 well settled" policy).  Plaintiff has alleged only a single
24 incident each of excessive force, unlawful arrest and
25 imprisonment, and malicious prosecution, which even if assumed to
26 be unconstitutional are insufficient to establish Monell
27 liability.  See Meehan v. L.A. Cnty., 856 F.2d 102, 107 (9th Cir.
28 1988) (two incidents not sufficient to establish custom).

13

Plaintiff's claims against the County therefore must be dismissed.[6]

### IV. Compliance with Federal Rule of Civil Procedure 10(a)

Federal Rule of Civil Procedure 10(a) requires that "the title of the complaint must name all the parties." The title of Plaintiff's Complaint is simply <u>Rodney Gaines v. County of Los Angeles, et al.</u> In any amended complaint, Plaintiff must list all the defendants in the caption or the complaint will be subject to dismissal on that basis alone. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992).[7]

*******************

If Plaintiff desires to pursue any of the claims in the FAC, he is ORDERED to file a Second Amended Complaint within 28 days of the service date of this Order, remedying the deficiencies discussed above. The SAC should bear the docket number assigned to this case, be labeled "Second Amended Complaint," and be complete in and of itself, without reference to the original Complaint or any other pleading, attachment, or document. The Clerk is directed to provide Plaintiff with another Central

---

[6]The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166, 105 S. Ct. 3099, 3015, 87 L. Ed. 2d 114 (1985); <u>see also</u> <u>Brandon v. Holt</u>, 469 U.S. 464, 471-72, 105 S. Ct. 873, 878, 83 L. Ed. 2d 878 (1985). Plaintiff's claims against the County, the sheriff's deputies in their official capacity, and Payne in his official capacity (FAC at 2-3) are therefore needlessly repetitive. In any SAC, Plaintiff should omit any repetitive official-capacity claims.

[7]If Plaintiff files a SAC that sufficiently states a federal cause of action, the Court will address whether he has sufficiently stated any state-law claim.

District of California Civil Rights Complaint Form, CV-66, to facilitate Plaintiff's filing of a SAC if he elects to proceed with this action. **Plaintiff is admonished that if he fails to timely file a SAC, the Court will recommend that this action be dismissed on the grounds set forth above and/or for failure to diligently prosecute.**

DATED: May 16, 2014

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE